SPRIGG ET AL. *vs.* BYNUM ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE
JUDGE OF THE SEVENTH PRESIDING.

In a possessory action, where the petition does not allege a *possession of a
year*, which alone would give a right of possession, no recovery can be
had.

Where the plaintiffs, in a possessory action, found their claim to be restored
to possession, on the ground of eviction by force, this fact is properly
within the cognizance of the jury.

This is a possessory action. The plaintiffs allege, that in
1835, they were in the quiet and undisturbed possession of a
tract of five hundred and thirty-nine acres of land, lying on
the north side of Red River, embracing the greater part of
section twenty-seven, in township six, range three, in the
Ouachita land district. They further allege, that they
have been dispossessed by the authority of W. H. T. and J.
A. Bynum, both absent from this State. They pray for five
hundred dollars in damages, and to be restored to possession.

The defendants pleaded as a peremptory exception, that
the plaintiffs have already sued them in a petitory action,
and cannot maintain a possessory one for the same premises.

They also pleaded a general denial, and call E. M.
Bynum to warrant the possession and ownership of said
land, she being the person from whom the premises were
transferred to them, &c.

The plaintiffs proved that in January, 1835, they leased
the premises to one E. Hubbard, who was in the posses-
sion as their tenant, at the time of the disturbance and
dispossession.

A plat of township six, range three, &c. was also in
evidence, which showed the *locus in quo*, as possessed by
plaintiffs.

Mr. Hubbard, witness for plaintiff, testified that he took
possession for one of the plaintiffs, and had a surveyor along

to show the corners of the sections of land embraced by the plaintiffs' claim. That after he had been on the land eight or ten days, Mrs. E. M. Bynum sent a man and some negroes, who made an improvement about half a mile from that of the plaintiffs.

There were several bills of exception to the introduction of witnesses, and title papers of the defendants.

The cause was submitted to a jury, on the evidence adduced by the parties.

The defendants had a verdict and judgment, from which the plaintiffs appealed.

*Dunbar,* for plaintiffs.

*Winn* and *Bryce,* for the defendants.

*Mathews J,* delivered the opinion of the court.

This is a possessory action, in which the plaintiffs claim to be restored to, and quieted in their possession of a certain tract of land, as described in their petition, and from which they allege that they were forcibly driven by the defendants. The cause was tried by a jury, and a verdict found for the defendants, on which judgment was rendered, and the plaintiffs appealed.

In a possessory action, where the petition does not allege a *possession of a year*, which alone would give a right of possession, no recovery can be had.

The decision of the case depends principally on matters of fact. The petitioners do not allege a possession of a year, which alone would give them the legal right of possession, on proof of its existence. They found their claim on eviction by force; this is a fact properly within the cognizance of the jury, who by their verdict have negatived its truth, and from an examination of the testimony, we are of opinion they did not err.

Where the plaintiffs, in a possessory action, found their claim to be restored to possession, on the ground of eviction by force, this fact is properly within the cognizance of the jury.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs..